**FAOLIU LUALEMANA of Asu, Appellant (Defendant)**
v.
**FILO of Faleniu, Appellee (Plaintiff)**

## No. 55-1961

## High Court of American Samoa

Civil Jurisdiction, Appellate Division

[Land: "Tafeata" in Faleniu]

## December 11, 1961

Heard at Fagatogo on November 9, 1961, before MOR-
ROW, *Chief Justice;* MALEPEAI, *Associate Judge;* and
MASANIAI, *Temporary Associate Judge.*

Aumoeualogo, counsel for Faoliu Lualemana.

Filo, *pro se.*

MORROW, *Chief Justice*

This is an appeal from a judgment of the Trial Division ordering Faoliu Lualemana, the appellant (hereinafter referred to as the defendant, he having been the defendant in the trial court), to vacate a part of the land Tafeata "occupied by him and his family" and to pay Filo, the appellee (hereinafter referred to as the plaintiff, he having been the plaintiff in the trial court), $25.00 for damage to the plaintiff's plantations on Tafeata.

The plaintiff brought an action in the trial court praying for an order evicting the defendant from a portion of the land Tafeata occupied by the plaintiff prior to October 17, 1960, at which time the defendant took possession of the land away from the plaintiff and damaged the plaintiff's plantations thereon. Plaintiff also asked for damages to his plantations.

Upon hearing had the trial court found that the land involved was communal land of the Moeai Family of Faleniu, that it had been assigned by the Moeai to plaintiff Filo, a married man to the Moeai Family, that Filo was entitled to possession of it. It also found that the defendant had ousted Filo from its possession and damaged his plantations.

On appeal, the defendant first claimed, and we quote, that the trial court "was misled by Filo's testimony that he began to work on this land in 1922 while he was living in Tuiaana Family until he married a Moeai woman in 1927. Now the Court was convinced that Moeai owns the land when he was working there while he was living in the Tuiaana Family. Tuiaana Family is not related to the Moeai Family."

The Court was not misled as claimed. Filo did not testify that he worked on the part of the land Tafeata involved from 1922 to 1927. The Court in its opinion said:

"Plaintiff Filo, who is 59 years old, testified that the Faleniu people cleared Tafeata from the bush in 1922 and that after it was cleared the land was divided up among the chiefs of the village; that he was living in the Tuiaana Family of Faleniu in 1922 and participated in the clearing with the chiefs and the other young men of the village; that after the clearing took place the Faleniu people put in plantations on it; that he married a Moeai woman in 1927 and thereafter lived in the Moeai Family; that upon his marriage Moeai assigned to him a part of Tafeata which Moeai received when the chiefs of Faleniu divided up the cleared land and that he (Filo) had plantations on the land in dispute until the Marines left Tutuila at the conclusion of the war, he re-entered the disputed land and put in plantations including coconuts; . . ."

"We are convinced from the evidence that the land in dispute is Moeai communal land in Tualauta County, and that it was cleared from the bush by the Faleniu people in 1922 and after the clearing was awarded, upon a division by the chiefs of Faleniu, to Chief Moeai as his communal property; that it was occupied and used by the Moeai people from 1922 under a claim of ownership up to the time when the Marines took possession during the war; that when the Marines left at the conclusion of the war Filo, under an assignment to him by the Moeai in 1927 (when he married a Moeai woman), reoccupied it and put in plantations; . . ."

There is no merit to the first ground of appeal. The Court was not misled.

It was next claimed on appeal, and we quote:

"That the Court was misled when Filo stated that the land in question was the communal land of the Moea'i family from the dividing of the land among the matais of Faleniu village. The Court must be aware of the fact that when Tago Sianava offered this land for registration, Lualemana was one of the parties filing objection to such registration, even though the case was dismissed. Moea'i was not a party."

644

The Court was not misled with respect to the ownership of the land. The evidence showed clearly that the Faleniu people cleared Tafeata from the bush in 1922; that after it was cleared, the Faleniu chiefs divided Tafeata up among themselves, and that a part of the cleared land was received by Moeai, which part included the land in dispute. It also showed quite clearly that this part in dispute was occupied and used by the Moeai people after Tafeata was divided (and beginning in 1927 by plaintiff Filo when he married a Moeai woman, the land having been assigned at that time to Filo by the Moeai) up until sometime during the war when it was taken over by the U.S. Marines; that after the war was over and the Marines had left Samoa, Filo reoccupied the disputed land and put in plantations.

■ The trial court pointed out in its opinion that "The Samoan people acquired title to their lands through first occupancy coupled with a claim of ownership," and that the Court had so held many times, citing *Soliai v. Lagafua*, No. 5-1949 (H.C. of Am. S.), *Faatiliga v. Fano*, No. 80-1948 (H.C. of Am. S.), and *Oi v. Te'o,;* No. 35-1961 (H.C. of Am. S.). See 2 Blackstone 8; Maine's Ancient Law (3rd Am. ed.) 238. Samoan families acquired title to their communal family lands by going out into the virgin bush, taking possession, cutting down the trees, and claiming the land cleared as their own. After the trees were burned or had rotted, or both, they put in plantations on the cleared land. That was the custom. The fact that "When Tago Sianava offered this land for registration, Lualemana was one of the parties filing objection to such registration" only shows that Lualemana *claimed* (emphasis added) to own Tafeata, *not* (emphasis added) that he did own it.

In the case to which the defendant makes reference (*Lualemana, Galoia, Tuiaana, Tuilefano, Siufanua v. S. R. S. Tago*, No. 8-1952 (H.C. of Am. S.)), the trial court in its decision said:

"... it is possible for us to decide one point, and one point only, viz: that the land Tafeata as shown on the survey filed by Tago with his application to register the same is not the individually owned property of Tago. Nothing else is decided herein."

The Court made no decision whatever as to the Lualemana claim. The fact that Moeai did not file an objection in that case is of no significance since Siufanua and Tuiaana, both Faleniu chiefs, did. Their objections were sufficient to prevent the registration of Tafeata as the individually owned land of Tago. There was no need for Moeai to file an objection. However, in view of the testimony (hereinafter set out) of Tuiaana and Siufanua in that case, we think they intended to represent the Faleniu chiefs including Moeai as well as themselves when they objected.

Counsel for the defendant makes reference to that case (it involved the land Tafeata), and we shall quote a part of the testimony of Tuiaana and Siufanua. We think we may properly notice such testimony. 31 C.J.S. 619 et seq. and 3 Am.Jur. 375.

Tuiaana testified:

"Nikolao: Do you recall when this new road was built toward Aoloau?

"Tuiaana: Yes.

"Nikolao: How do you know?

"Tuiaana: I was working on that road when it was built.

"Nikolao: Any plantations of either Faleniu or Favaia'i people been damaged at the construction of the road?

"Tuiaana: Yes.

"Nikolao: State who please?

"Tuiaana: *Moea'i* (emphasis ours), Si'ufanua, Sagapolu, Toloao, Poloai, Aea, Tuiaana, Nu'u."

And in that case Siufanua testified:

"C.J.: What is your name, age and village?

"Si'ufanua: Si'ufanua of Faleniu, over 70 years of age.

"C.J.: Are you familiar with this land in dispute?

"Si'ufanua: Yes.

646

"C.J. Do you remember when the land was cleared, the big trees, you are an old man?

"Si'ufanua: Yes.

"C.J. Who cut the big trees on the land or parts of it if you know?

"Si'ufanua: Myself and my family and also people of my village of Faleniu.

"C.J. What family's family from Faleniu besides the Si'ufanua family cut down the big trees?

"Si'ufanua: Tuiaana and Tuiaana family. *Moea'i and Moea'i family* (emphasis ours). Sagapolu and Sagapolu family. Maiava and the Maiava family. And other people of Faleniu village.

"C.J. Did any people from Pavaia'i cut down any big trees if you know?

"Si'ufanua: Yes.

"C.J. What families of Pavaia'i?

"Si'ufanua: Toloau family, Poloai family, Galoia family, Aea family, Letele family and also Pagofie family and other people of Pavaia'i village.

C.J. After these various families cut down the big trees did they put in plantations?

"Si'ufanua: Yes."

It appears from the evidence that the Moeai people had possession of this land openly, notoriously, peaceably and under a claim of ownership from 1922 up until the Marines occupied it during the war and that after the Marines moved out at the end of the war, plaintiff Filo reoccupied it as a married man to the Moeai Family. We think the Marines had possession with the permission, express or implied, of the Moeai people.

In the case of *High Chief Fuimaono by S. R. S. Tago v. Moananu and Felila*, No. 12-1955 (H.C. of Am. S.), involving another part of Tafeata (it is a large area and includes much more land than is involved in the principal case), we hold that the possession of the Marines could be tacked to the possession of the Galoia people which began

in 1923 and continued until the Marines took possession during the war. In that case we said:

"We think the Galoia family's possession of the land in dispute under a claim of ownership began in 1923 and continued (when tacked to the Marines' possession) until late in 1946 when Tago entered, took possession, and put in plantations."

Obviously the Marines did not claim ownership of the land involved in this case so as to break the continuity of the possession of the Moeai people which began in 1922. The Marines always entered upon Samoan lands during the war with permission, either express or implied, of the Samoans. If the Lualemana ever had any claim to the land in dispute, it was wiped out by operation of the 20-year statute of limitations governing acquisition of title by adverse possession.

Section 907(2) of the A. S. Code provides that the "statutory period governing the acquisition of title by adverse possession" shall be 20 years. The effect of the running of the statutory period is to vest title in the adverse possessor. 2 Corpus Juris Secundum 803. This rule was approved by the Supreme Court of the United States in *Maxwell Land Grant Co. v. Dawson*, 151 U.S. 586 at p. 607. And we have applied this same rule in numerous cases in American Samoa, among them *Puailoa v. Leapaga*, No. 64-1948 (H.C. of Am. S.); *Fagafa v. Toia*, No. 18-1957 (H.C. of Am. S.); *Lutu et al. v. Faamao Tiumalu et al.*, No. 45-1961 (H.C. of Am. S.). If the Lualemana ever had any interest in the land in dispute, it was wiped out in 1942 when the 20 year period of limitation expired in favor of Moeai. See also Section 349(4) of the A. S. Code limiting actions for the recovery of real property to 20 years after the cause accrues. There is no merit in the defendant's second ground of appeal.

It is also claimed by the defendant:

648

"That the Court misinterpreted the term which I used referring to the word 'TUPU' (king). It means the highest ranking chief of certain areas. It is the same term used by high chiefs, high talking chiefs, chiefs and talking chiefs in several occations [sic], i.e. (Tupu ma Tamalii)."

We do not believe that the Court was misled by Lualemana's testimony that he was a king. The trial court in its opinion said:

"As to the Lualemana being a king before April 17, 1900, we express no opinion.

"However, what we do say is that if he was, his kingship came to a very sudden end on April 17, 1900 when the islands of Tutuila and Aunu'u were ceded to the United States. However, we note that the Lualemana did not describe himself as a king when he signed the deed of cession. In fact, all the signers are described in the document of cession as chiefs and Lualemana by signing thereby described himself as chief.

"When Tuimanua signed the deed of cession of Manua, he described himself as King of Manua. We think that if the Lualemana had been a king prior to April 17, 1900, he would have described himself as a king and not as a chief when he signed the deed of cession on April 17, 1900."

We think from the record, however, that Lualemana did testify that he was a king. Defendant's testimony on the matter of kingship reads as follows:

"Q  Well, now, I believe you said in your statement that the Lualemana was king?

"A  That is correct.

"Q  Now when did they crown him?

"A  It is the Samoa custom that the tradition is passed from generation to generation and that is recognized or shown by several proofs or actions that have been done by a certain king.

"Q  Well, now, I didn't ask you what the Samoan custom was; I asked you when Lualemana was crowned king?

"A  I do not know that.

649

"Q Well, now, was he crowned?

"A It is the tradition in the family that he is the king. However, I do not know the time.

"Q Well, now, was he crowned?

"A Yes.

"Q Now where did they crown him?

"A Lualemana was crowned as a king in the place known as Fagafue.

"Q Well, now, when you got the Lualemana title did they crown you?

"A I am not crowned yet; it is planned to be October 21 this year.

"Q That is, they are going to crown you?

"A Yes.

"Q Now are they going to pour oil on your head, too, and anoint you?

"A Yes."

■ However, on appeal the defendant claims that he is not a king but a high chief. If his testimony as to his being a king was misinterpreted by the interpreter (and Lualemana on appeal claims that it was misinterpreted), Lualemana, who speaks English as well as Samoan, should have corrected the interpreter by substituting the words "High Chief" for "King". He did not do so. He sat by and was obviously willing to have the Court misled by his testimony.

■ We cannot overlook the fact that Lualemana gave false testimony in regard to his war damage claim, which he testified he filed on Tafeata, using the matai name Tuiapolima. The records of the Standing Claims Commission show that it was filed on land "situated in the Village of Fagafue-Asu" and not on Tafeata.

The editors of Corpus Juris Secundum say this:

"Under the maxim falsus in uno, falsus in omnibus, as strictly interpreted, if a witness testifies falsely as to any one material part

of his testimony, it should be discarded as a whole, and cannot be relied on for any purpose whatsoever, unless corroborated." 98 C.J.S. 344.

This principle is grounded upon the theory that if a witness will lie about one material thing, he will not hesitate to lie about another. Now, the trial court did not discard Lualemana's testimony as a whole, which it could have done under the law, but, on the other hand, it gave it much weight, in the light of his false testimony, as the Court considered it was entitled to.

We might point out that the records of the Standing Claims Commission do not indicate that plaintiff Filo lied to the Court about his war damage claim.

There is no merit in the defendant's third ground of appeal. Despite his testimony about the kingship, he obviously did not mislead the Court, as is clear from the part of the Court's opinion quoted above on the kingship. If the trial court had been misled by Lualemana's saying he was a king and would be crowned and anointed with oil, it would not have said:

"However, we note that the Lualemana did not describe himself as a king when he signed the deed of cession."

Nor would it have said:

"As to Lualemana being a king before April 17, 1900, we express no opinion."

It is clear that the Court did not believe the testimony about the kingship of Lualemana. It considered him to be a high chief.

The fourth ground of appeal is:

"That the Court ignored the important part of the Samoan custom as protected by law, and that is the traditional rights of chiefs to their properties."

Lualemana claims the land in dispute upon the ground that he is the high chief of Leasina County. The map of

Tutuila shows very clearly that the land involved is in Tualauta County and not in Leasina County. Any claim that there may be under consideration the matter of a surveyor's making a new map of Tutuila does not prove that the old map is wrong. Furthermore, if Lualemana ever did have any right in this land, it was wiped out in 1942 when the Moeai people had had adverse possession of it for 20 years, as we have already indicated. See Section 907(2) of the A. S. Code. There is no merit in the fourth ground of appeal.

As a fifth ground of appeal, the defendant claims:

"That the ruling of the Court saying that this land is a communal land of Moea'i family without syrveying [sic] will deprive the rights of the true owner when the land will be surveyed and offer for registration."

If the true owner of the land is the Moeai people, as the Court held, there is no reason to suppose, if the land is surveyed and offered for registration, that the Moeai people will be deprived of it. If the defendant means that Lualemana is the true owner, we can only say that the evidence in the case shows quite clearly that he is not. The land is in Tualauta County, not Leasina County.

The Moeai Family, along with other families of Faleniu, cleared the area known as Tafeata and Moeai received the land in dispute when the cleared area was divided up among the chiefs of Faleniu. Furthermore, the Moeai people had possession of it for 20 years following its being cleared in 1922, under circumstances making their possession adverse to any other claimant.

Four different Samoan judges (2 in the trial court and 2 on appeal) say that the judgment is correct, and the writer of this opinion agrees with them.

The judgment of the trial court should be affirmed.

## ORDER OF AFFIRMANCE

It is hereby ORDERED that the judgment of the Trial Division in the case of *Filo of Faleniu v. Faoliu Lualemana of Asu*, No. 43-1961, be and the same is hereby affirmed.

Costs in the sum of $6.00 are hereby assessed against Lualemana, the same to be paid within 30 days.